# United States Court of Appeals
# for the Fifth Circuit

No. 26-50004
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 1, 2026

Lyle W. Cayce
Clerk

Joseph Anthony Reyna,

*Plaintiff—Appellant*,

*versus*

Jane Nelson, *in her official capacity as Texas Secretary of State*,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:25-CV-1676

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Joseph Anthony Reyna sued Jane Nelson, in her official capacity as Texas Secretary of State, challenging Texas's ballot-qualification system under the Americans with Disabilities Act and the Equal Protection Clause. The district court dismissed the suit for lack of standing and imposed a pre-filing bar on Reyna. We AFFIRM.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

I

The district court, adopting the magistrate judge's recommendation, ruled Reyna lacks standing to bring this suit. We agree.

As the magistrate judge pointed out, "nowhere d[id] Reyna allege that he is initiating any kind of political campaign." Instead, Reyna vaguely asserted only that he was of Hispanic or Native American descent that there are barriers to ballot access for Hispanic and Native American Texans. Those allegations are insufficient to establish Reyna's standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992) (explaining that "some day" intentions, without concrete plans, do not show an imminent injury); *cf. Barber v. Bryant*, 860 F.3d 345, 357 (5th Cir. 2017).

Reyna counters that in ballot access cases a plaintiff need not pay a fee to have standing to challenge the fee's constitutionality. *See Lubin v. Panish*, 415 U.S. 709, 710 (1974). Even assuming that is true, it is irrelevant here. The magistrate judge did not assert that Reyna would have to pay the fee, but only that he needed to allege some intent to engage in a political campaign. He failed to do so.

Because Reyna lacked standing, the district court properly dismissed his ADA and Equal Protection claims.

II

Reyna also argues that the district court erred when it imposed a pre-filing bar on him. We disagree.

Before imposing such bars, courts should consider "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits"; (2) "whether the party had a good faith basis for pursuing the litigation"; (3) "the extent of the burden on the courts and other parties"; and (4) "the adequacy of alternative sanctions." *Baum v. Blue Moon*

*Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008) (internal citation omitted). We review the imposition of a pre-filing bar for abuse of discretion. *Id.* at 187.

The magistrate judge noted that Reyna had filed 13 suits since June 2025, three of which were dismissed as frivolous, and six of which were recommended to be dismissed as frivolous. The judge also noted the repeated warnings that Reyna would be sanctioned for continuing to file frivolous suits. Accordingly, the judge concluded that Reyna's "wasting of increasingly scarce judicial resources" warranted a pre-filing bar. *Mayfield v. Klevenhagen*, 941 F.2d 346, 348 (5th Cir. 1991).

Reyna argues that, to properly impose a pre-filing bar, a court must make "individualized findings" on each *Baum* factor "in the record." Reyna cites no authority for this assertion. While *Baum* instructs courts to consider the four factors, it never requires courts to explicitly articulate findings on the record for each one. *See Baum*, 513 F.3d at 189.

Accordingly, Reyna fails to show the district court abused its discretion by imposing a pre-filing bar.

AFFIRMED.